TRANSAMERICA AIRLINES, INC., a Delaware corporation, f/k/a, TRANS-INTERNATIONAL AIRLINES, INC., a Delaware corporation, BURTON F. BROOME, SHIRLEY BUCCIERI, EDGAR H. GRUBB, and TRANSAMERICA CORPORATION, a Delaware corporation, Defendants Below, Appellants and Cross-Appellees,
v.
HARRY A. AKANDE, Plaintiff Below, Appellee and Cross-Appellant.
No. 513, 2009.
Supreme Court of Delaware.
Submitted: March 3, 2010.
Decided: March 5, 2010.
Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

ORDER
RANDY J. HOLLAND, Justice.
This 5th day of March 2010, it appears to the Court as follows:
1) The defendant-appellant, Transamerica Corporation ("Transamerica"), a Delaware corporation, appeals from the decisions of the Court of Chancery recognizing and enforcing, under Delaware's Uniform Foreign-Money Judgments Recognition Act ("UFMJRA") and Uniform Enforcement of Foreign Judgments Act, a 1999 judgment of the Federal High Court of Lagos, Nigeria in favor of the plaintiff, Harry A. Akande, a Nigerian citizen. In this appeal, Transamerica challenges the Court of Chancery's recognition and enforcement of the Nigerian judgment under the UFMJRA and separately challenges the court's award of damages for conspiracy and breach of constructive trust, as well as the court's award of 18% pre-judgment interest.
2) The plaintiff, Harry A. Akande, filed a cross-appeal alleging that the Court of Chancery erred by denying his claims under Delaware's dissolution statute.
3) One of Transamerica's arguments is that the Court of Chancery erred when it authorized duplicative damage awards for conspiracy and breach of constructive trust. In addressing that specific contention, the Court of Chancery stated:
Moreover, the question before me is not whether the Nigerian Judgment improperly may have provided for a double recovery. Any such collateral attack on the validity of the Judgment should have been pursued a decade ago by way of an appeal or other contemporaneous request for relief. Rather, I must decide what the Nigerian Judgment means. In that regard, I agree with Akande that the Judgment awarded both $255,580 in special damages and [eight million naira] in general damages to NAFTECH under claim (ix).
Likewise, I find that the Nigerian court could and did award eight million naira to NAFTECH for its conspiracy claim against all defendants, including Transamerica's predecessor, ITA. A conspiracy claim sounds in tort and differs from a claim for breach of contract. Because claim (xii) referred to in the Judgment is for conspiracy, and not for breach of contract, the Nigerian court's award of eight million naira based on the conspiracy claim does not represent a double recovery. The Nigerian court found that TIA participated in and is liable for the conspiracy. Hence, the final award in the Judgment against TIA (now Transamerica), independent of interest, is $255,580 for the breach of the Commission Agreement for 1976 and sixteen million naira in general damages for breach of contract or constructive trust and for conspiracy.
The Court of Chancery properly decided that any "double recovery" challenge to the Nigerian Judgment was an issue to be decided by a direct application in the Nigerian court and not by way of collateral attack in this proceeding.
3) This Court, having considered this matter after oral argument and on the briefs filed by the parties, has determined that the appeal and the cross-appeal are without merit and that the final judgments of the Court of Chancery should be affirmed on the basis of and for the reasons assigned by the Court of Chancery in its opinions dated February 26, 2006, May 25, 2007, February 25, 2008, and July 22, 2009.
NOW, THEREFORE, IT IS HEREBY ORDERED that the judgments of the Court of Chancery be, and the same hereby are, AFFIRMED.